In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00457-CV**
_____

**IN THE INTEREST OF Z.L.M.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-218,765**

**MEMORANDUM OPINION**

The trial court terminated appellant S.M.'s parental rights to Z.L.M. In this accelerated appeal, appellant presents two issues challenging the legal and factual sufficiency of the evidence to support termination of her parental rights. *See* Tex. Fam. Code Ann. § 263.405 (West 2014). We affirm the trial court's order of termination.

Factual Background

Lynda Porter, a foster care worker, testified that appellant's involvement with the Texas Department of Family and Protective Services (the "Department") predates this case. Porter testified that, in 2006, appellant's infant daughter was

1

removed from appellant's care, the daughter suffers from disabilities caused by her abusive father, appellant's former husband, and the daughter resides with appellant's sister. Appellant admitted that she was responsible for her daughter and that her husband shook the child too hard after she swallowed a penny, but appellant believed her husband was trying to help the child and accidentally caused brain damage.

Appellant testified that she and her husband subsequently had a son. Porter testified that, in 2008, appellant's infant son was removed from her care because appellant had left the child with a caregiver who had a history with the Department, and the child had suffered some bruising that appeared to be from a spanking or beating. This child now resides with his step-grandparents. Appellant testified that she initially thought the bruising on her son was a rash and, although she knew her husband had done something to her son, she did not know whether the bruising was caused by abuse. Porter testified that appellant did not appear to believe that the abuse of these children was severe enough to warrant the Department's involvement.

Robert Meier, a clinical psychologist, testified that he first met with appellant in 2009 and she showed signs of paranoia and schizoid behavior. Meier testified that appellant had poor judgment, seriously impaired social functioning,

2

and was not taking her medications correctly; thus, he did not believe that she had the judgment necessary to raise a child. He diagnosed appellant with depressive disorder not otherwise specified, paranoid schizophrenia, and possible schizoaffective disorder.

In July 2013, appellant gave birth to Z.L.M. Porter testified that appellant began exhibiting unusual and erratic behavior in the hospital, such as screaming, not allowing the hospital staff to care for her medical needs, and not being able to answer questions. Hospital staff members contacted the Department and Z.L.M. was removed from appellant's care. Porter testified that the Department originally planned on family reunification, but the goal later changed to unrelated adoption. Porter explained that the Department was concerned because, during appellant's pregnancy, appellant was in a violent relationship and had not taken the necessary steps to protect herself or her unborn child. However, appellant testified that she was no longer in a relationship with this person and that he had not been abusive.

Porter also testified that appellant had been found to be emotionally unstable and incapable of caring for Z.L.M. Meier, who evaluated appellant again in 2013, testified that appellant showed several symptoms of schizophrenia and was not taking her medications as prescribed. Appellant testified that she has always complied with her physician's instructions regarding medication. According to

Meier, appellant did not appear capable of caring for herself, much less a child, and he believed that someone needed to visit appellant two to three times a week to ensure that appellant was functioning adequately and taking her medication properly.

Porter testified that she had observed appellant during visits with Z.L.M. and that appellant did some unusual things, but nothing Porter found necessary to correct. Porter testified that Z.L.M. is one year old, is in a foster-to-adopt home, and is happy and healthy. Porter opined that appellant allows her children to remain in endangering surroundings and is not a protective caregiver. Porter believed that appellant's mental state would prevent her from providing for Z.L.M.'s needs. Meier opined that appellant may need supervision to care for a child and that it would be helpful if appellant had her psychiatric symptoms under control before assuming the responsibility of a child's primary caretaker. Porter and Meier both believed that it was in Z.L.M's best interest that appellant's rights be terminated.

Appellant testified that she has resided in an apartment for four years, she has a room available for Z.L.M., and she has "childproofed" her home. She testified that her driver's license is suspended, she stays home, she receives income disability from Social Security, she can apply for food stamps and place Z.L.M. in

4

the WIC Program, and she could financially provide for Z.L.M. She testified that her current diagnosis is schizoid personality type disorder. Appellant explained that she sees her doctor every three months, meets with her MHMR case manager once or twice a month, and takes Prozac once daily for depression, Buspar three times daily for anxiety, and Trazodone once every evening for sleeping. Appellant testified that she thinks clearly when on her medication, she is mentally capable of caring for Z.L.M. and providing for her physical, emotional, and mental needs, she is willing to set aside her own needs to meet Z.L.M.'s needs, and she is able to protect Z.L.M. from other people who may cause her harm. Despite the removal of her two oldest children, appellant believed she could care for Z.L.M. Appellant believed it is in Z.L.M.'s best interest that appellant's rights not be terminated.

The trial court found that it was in Z.L.M.'s best interest for appellant's rights to be terminated. In its order of termination, the trial court found that appellant: (1) knowingly placed or knowingly allowed Z.L.M. to remain in conditions or surroundings which endanger Z.L.M.'s physical or emotional well-being; and (2) engaged in conduct or knowingly placed Z.L.M. with persons who engaged in conduct which endangers Z.L.M.'s physical or emotional well-being. The trial court also found that (1) appellant has a mental or emotional illness or a mental deficiency that renders her unable to provide for Z.L.M.'s physical,

emotional, and mental needs; and (2) appellant's illness or deficiency, in all reasonable probability, will continue to render her unable to provide for Z.L.M.'s needs until Z.L.M.'s eighteenth birthday.

Legal and Factual Sufficiency

In issues one and two, appellant contends that the evidence is legally and factually insufficient to support the trial court's findings that termination is proper under Texas Family Code sections 161.001(1)(D) and (E) and 161.003(a). Under legal sufficiency review, we review all the evidence in the light most favorable to the finding to determine whether "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In the Interest of J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could and we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id*. If no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, the evidence is legally insufficient. *Id*.

Under factual sufficiency review, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id*. We give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id*. We

6

consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

The decision to terminate parental rights must be supported by clear and convincing evidence, *i.e.*, "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2014); *In the Interest of J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). The movant must show that the parent committed one or more predicate acts or omissions and that termination is in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001 (West 2014); *see also J.L.*, 163 S.W.3d at 84. A judgment will be affirmed if any one of the grounds is legally and factually sufficient and the best interest finding is also legally and factually sufficient. *In the Interest of C.A.C.*, No. 09-10-00477-CV, 2011 Tex. App. LEXIS 3385, at *2 (Tex. App.—Beaumont May 5, 2011, no pet.) (mem. op.).

Section 161.001(1)(D) allows for termination if the trial court finds by clear and convincing evidence that the parent has "knowingly placed or knowingly

allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[.]" Tex. Fam. Code Ann. § 161.001(1)(D). The "endangerment analysis focuses on the evidence of the child's physical environment, although the environment produced by the conduct of the parents bears on the determination of whether the child's surroundings threaten his well-being." *Jordan v. Dossey*, 325 S.W.3d 700, 721 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). "Inappropriate, abusive, or unlawful conduct by persons who live in the child's home or with whom the child is compelled to associate on a regular basis in the home is a part of the 'conditions or surroundings' of the child's home[.]" *Id.* (quoting *In re C.L.*, No. 02-09-00126-CV, 2009 WL 3078588, at *2 (Tex. App.—Fort Worth Sept. 24, 2009, no pet.) (mem. op.)). The trial court may consider parental conduct both before and after the child's birth. *Jordan*, 325 S.W.3d at 721.

A trial court may examine a parent's history with other children when considering the risks or threats of a parent's environment. *In the Interest of E.A.F.*, 424 S.W.3d 742, 751 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). In this case, the trial court heard evidence that, before Z.L.M. was born, appellant was married to a man who abused their daughter, causing brain damage and resulting in the child's removal. The record indicates that appellant remained married to this

8

man and that the man subsequently abused their son, which resulted in that child's removal. While appellant was five months pregnant with Z.L.M., she was in a violent relationship with another man, during which she was allegedly punched in the stomach and burned with cigarettes, yet she remained in this relationship until Z.L.M.'s removal. Porter expressed concern that appellant did not believe that the abuse of her two oldest children was so severe as to require the Department's involvement and that appellant did not protect either herself or Z.L.M. while in an abusive relationship during her pregnancy with Z.L.M. "[A]busive or violent conduct by a parent or other resident of a child's home may produce an environment that endangers the physical or emotional well-being of a child." *In the Interest of J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). The trial court was entitled to consider appellant's exposure of Z.L.M. to domestic violence, a danger that she disregarded, as evidence of endangerment. *See Jordan*, 325 S.W.3d at 721 ("[A] child is endangered when the environment creates a potential for danger which the parent is aware of but disregards."); *see also J.T.G.*, 121 S.W.3d at 125; *In the Interest of J.I.T.P.*, 99 S.W.3d 841, 845 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Additionally, "[a] parent's failure to take medication can expose a child to endangerment of her emotional or physical well-being." *In the Interest of M.P.*,

No. 02-14-00032-CV, 2014 Tex. App. LEXIS 8689, at *55 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.). Likewise, "[a] parent's mental state may be considered in determining whether a child is endangered if that mental state allows the parent to engage in conduct that jeopardizes the physical or emotional well-being of the child." *Jordan*, 325 S.W.3d at 723. The trial court heard testimony that appellant has been diagnosed with paranoid schizophrenia, has a history of failing to properly take her medication, and her erratic behavior led to the Department's removal of Z.L.M. Meier opined that appellant needs supervision two to three times weekly to ensure proper usage of medication and adequate functioning. The trial court heard testimony from Porter and Meier that appellant is unstable, incapable of caring for Z.L.M., and is not a protective caregiver. The trial court was entitled to consider appellant's mental state and history of non-compliance with prescription medication as conduct subjecting Z.L.M. to a life of uncertainty and instability. *See id.*

The trial court could reasonably conclude that appellant's conduct created an environment that endangers Z.L.M.'s physical and emotional well-being and could infer from her past endangering conduct that similar conduct would recur should Z.L.M. be returned to appellant. *See In the Interest of M.R.J.M.*, 280 S.W.3d 494, 502 (Tex. App.—Fort Worth 2009, no pet.); *see also J.T.G.*, 121 S.W.3d at 125.

10

The trial court could reasonably have formed a firm belief or conviction that appellant knowingly placed or knowingly allowed Z.L.M. to remain in conditions or surroundings which endangered her physical or emotional well-being. *See* Tex. Fam. Code Ann. § 161.001(1)(D). We overrule issue one in part, need not address appellant's issue one argument regarding section 161.001(E), and need not address issue two challenging termination pursuant to section 161.003(a). *See C.A.C.*, 2011 Tex. App. LEXIS 3385, at *2; *see also* Tex. R. App. P. 47.1. Because S.M. does not challenge the sufficiency of the evidence to support the trial court's best interest finding, we need not address this issue. *See In the Interest of A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *see also* Tex. R. App. P. 47.1. We affirm the trial court's order of termination.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 29, 2014
Opinion Delivered February 5, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.